UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN N. EMMONS,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 11-cv-5108-RBL-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 11, 2012 |

      This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (<u>see</u> ECF Nos. 22, 23, 24).

      Based on a review of the relevant record, the Court concludes that the ALJ here failed to evaluate properly plaintiff's credibility. Without evaluating the reasons for plaintiff's failure to obtain treatment, the ALJ failed to credit fully plaintiff's testimony in

part due to plaintiff's lack of prescription medication and due to plaintiff's lack of extensive medical treatment. The ALJ also relied on plaintiff's activities of daily living to support his failure to credit fully plaintiff's credibility, without finding that those skills were transferable to a work setting and without demonstrating that they contradicted plaintiff's other testimony. Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by the Commissioner.

## BACKGROUND

Plaintiff, BRIAN N. EMMONS, was born in 1949 and was fifty-nine when he allegedly became disabled (see Tr. 128, 229). He testified that he is homeless, lives in a tent, and has no friends or relatives that he sees (see Tr. 234).

Plaintiff's work history includes carpentry and construction work (Tr. 230). He testified that the last time he was capable of full time work was in 2007 or 2008 (Tr. 238). He testified that the medical problems that caused him to be disabled included back and hip problems (Tr. 230). Plaintiff indicated that he believed it was arthritis (id.). He testified as follows: "Twisting and turning, bending and sitting for long periods of times; sitting, sitting sometimes is a problem – lower back" (id.). The ALJ found that plaintiff suffered from the severe impairment of "back disorder" (Tr. 11).

Plaintiff testified that he reinjured his back before he moved from Alaska in 2008 (Tr. 238). He testified that subsequently, the pain worsened (id.). Plaintiff also indicated that his pain level was frequent, but varied depending on what he was doing (see Tr.

231). He testified that his back pain also varied from day to day (Tr. 238) and that his sciatic nerve problem and his arthritis also varied (Tr. 232).

Plaintiff was examined by Dr. R. Roger Komer, M.D. ("Dr. Komer") on January 7, 2009 (see Tr. 199-203). At that time, plaintiff was approximately 50 to 60% better after having a recurrent episode of back pain (Tr. 199). He had developed acute discomfort in his lower back following bending that included radiation of pain to the right lower extremity (id.). The pain increased following bending and prolonged sitting (id.).

Following his examination of plaintiff, Dr. Komer indicated as follows:

> Examination of the lumbosacral spine revealed minimal tenderness in the region of the L3-L5 area. There was slightly decreased range of motion of the lumbosacral spine. The straight-leg raising test was 45 degrees and he could reach a point 7 inches above the floor without bending his knees. The deep tendon reflects in the ankles and knees were normal. Babinski was negative. The digital dexterity was normal. He could make a full fist without difficulty.

(Tr. 201). Dr. Komer also indicated that plaintiff's record included an x-ray of the lumbosacral spine (id.).

Finally, Dr. Komer indicated his diagnostic impression: "Chronic low back pain since 1993 with significant recovery, recurrence of back (sic) on December 1, 2008. The patient has mild limitation of movement of the lumbosacral spine. The findings are suggestive of degenerative joint disease with possibility of disc disease which seems to be gradually resolving" (id.).

## PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") disability benefits on December 4, 2008 alleging disability since December 1, 2008[1] (Tr. 128-34, 149-51). His application was denied initially and following reconsideration (Tr. 73-75, 76-77). Plaintiff's requested hearing was held before Administrative Law Judge J. Alan Mackay ("the ALJ") on August 23, 2010 (Tr. 225-46).

The ALJ issued a written decision in which he determined that plaintiff was not disabled from the filing date, December 4, 2008, through September 8, 2010, the date of the decision (Tr. 6-14). Although the Decision Review Board selected plaintiff's claim for review (see Tr. 6), on December 6, 2010, it affirmed the ALJ's written decision, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3; Plaintiff's Opening Brief, ECF No. 22, p. 2, n.1). See also 76 Fed. Reg. 24802 (May 3, 2011); Cf. 20 C.F.R. § 404.981.

In February 2011, plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision (see ECF Nos. 1, 3). Defendant filed the sealed administrative record in this matter, along with a supplemental sealed administrative record (collectively herein "Tr."), on August 19, 2011 (see ECF Nos. 16-18). In his Opening Brief, plaintiff raises the following issues as to whether or not the ALJ:

1) evaluated properly plaintiff's testimony and credibility;

---

[1] Although plaintiff also filed an application for Disability Insurance Benefits ("DIB"), the Social Security Administration determined that plaintiff did not have a sufficient work history in order to qualify for such benefits (see Tr. 69-72, 135-41, 142-48, 149). Plaintiff does not appear to be challenging the resolution of his DIB claim.

2) erred by failing to develop the record fully and fairly;

3) assessed properly plaintiff's residual functional capacity ("RFC");

4) erred by basing his step four finding on an incorrect RFC; and

5) erred by failing to find that plaintiff was disabled pursuant to Medical Vocational Rule 202.06.

(see ECF No. 22, p. 6). Plaintiff also raises the issue of whether or not the Court should remand plaintiff's claim pursuant to sentence six of 42 U.S.C. § 405(g) (id.).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Molina v. Astrue, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the

agency did not invoke in making its decision") (citations omitted). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. Molina, supra, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; see also 28 U.S.C. § 2111; Shinsheki v. Sanders, 556 U.S. 396, 407 (2009); Stout, supra, 454 F.3d at 1054-55.

## DISCUSSION

1. The ALJ failed to evaluate properly plaintiff's credibility and testimony.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999); Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971); (Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." Fair, supra, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." Sample, supra,694 F.2d at 642 (*citing* Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972); Wade v. Harris, 509 F. Supp. 19, 20 (N.D. Cal. 1980)).

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must

specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting* Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)); Reddick, supra, 157 F.3d at 722 (citations omitted); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Smolen, supra, 80 F.3d at 1284.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen, 80 F.3d at 1281 (*citing* Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, supra, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing* Cotton, supra, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. Smolen,

supra, 80 F.3d at 1283-84; Reddick, supra, 157 F.3d at 722 (*citing* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Defendant first argues that because the ALJ stated that he had considered all symptoms, that the ALJ therefore sufficiently considered plaintiff's subjective complaints (see Response, ECF No. 23, p. 5). Defendant includes a quote from the ALJ's written decision: "the ALJ stated that '[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment'" (id.). According to defendant, these statements by the ALJ demonstrate that the ALJ "sufficiently considered Plaintiff's subjective complaints of the alleged limiting effects of his symptoms and the ALJ provided specific, clear and convincing reasons to find them not entirely credible" (id. (*citing* Tr. 12, 13-14)). However, this Court is not convinced by this argument.

The statement quoted by defendant can be found in almost identical form in almost every Social Security Administration ALJ decision that comes before this Court[2].

---

[2] See, e.g., Nylander v. Astrue, Dock. No. 11cv5502, ECF No. 11 ("Tr."), Tr. 19 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment"); Boettcher v. Astrue, 2012 U.S. Dist. LEXIS 49811 at *9 (W.D. Wash. 2012) (unpublished opinion) ("The ALJ found that 'the claimant's

Therefore, this statement is general language indicating the ALJ's general conclusions regarding plaintiff's credibility. This statement, by itself, provides no support for the conclusion that the ALJ here actually considered any symptoms of this particular plaintiff or that he considered this specific plaintiff's testimony. A finding that a claimant has not been truthful or has exaggerated symptoms requires careful consideration and cannot be based on general findings. See Greger, supra, 464 F.3d at 972. Therefore, the Court finds that these statements by the ALJ here do not provide any support for the ALJ's determination to fail to credit fully this plaintiff's testimony in this matter. The ALJ failed to provide affirmative evidence that the claimant is malingering, and failed to

---

medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment' (Tr. 39)"); Matheney v. Astrue, 2012 U.S. Dist. LEXIS 49036 at *7 (W.D. Wash. 2012) (unpublished opinion) ("the ALJ found that plaintiff's medically determinable impairments reasonably could have been expected to cause plaintiff's alleged symptoms, but found that her 'statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment' (Tr. 70)"); Jolley v. Astrue, 169 Soc. Sec. Rep. Serv. 576, 2011 U.S. Dist. LEXIS 97645 at *10-*11, (W.D. Wash 2011) ("The ALJ here did not conclude that plaintiff was malingering, but found that plaintiff's "medically determinable impairments could reasonably be expected to have caused some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment through the date last insured' (Tr. 14)"); Myers v. Astrue, 2011 U.S. Dist. LEXIS 105765 at *20-*21 (W.D. Wash. 2011) (unpublished opinion) ("Here, the ALJ found that plaintiff's 'medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment' (Tr. 15-16)"); Duran v. Astrue, 2011 U.S. Dist. LEXIS 38041 at *40 (W.D. Wash. 2011) (unpublished opinion) ("The ALJ included the following in her written decision: 'After careful consideration of the evidence, the undersigned finds that [plaintiff]'s medically determinable impairments could reasonably be expected to cause some symptoms; however, [plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment' (Tr. 18)").

provide specific "clear and convincing" reasons for rejecting the claimant's testimony. See Smolen, supra, 80 F.3d at 1283-84; Reddick, supra, 157 F.3d at 722 (*citing* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)). Therefore, the case must be remanded for further findings.

Defendant acknowledges correctly that the ALJ erred in his review of plaintiff's credibility by rejecting plaintiff's testimony in part on the basis that he was not taking medication without consideration of plaintiff's explanations as to why he does not take medication, and on the basis that he was not seeing a doctor for his back without consideration of plaintiff's testimony as to why he does not go to the doctor (see Response, ECF No. 23, p. 8). The Court notes that according to Social Security Ruling, (hereinafter "SSR"), SSR 96-7, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7 1996 SSR LEXIS 4, at *22; see also Regennitter v. Comm'r SSA, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it") (citations, ellipses and brackets omitted). The Court also notes that plaintiff testified that he doesn't take medication because of the potential presence of preservatives and mercury in medications and his

concern for the effects on his liver, among other things (see Tr. 240-41), and his testimony that he doesn't trust doctors or any medical treatment providers: "I don't really trust any of them – eat organic food" (Tr. 241).

Defendant contends that despite the ALJ's errors in his review of plaintiff's testimony, the ALJ's remaining reasons comprise clear and convincing reasons to fail to credit fully plaintiff's credibility (see Response, ECF No. 23, p. 8). The ALJ relied in part on plaintiff's activities of daily living for his failure to credit fully plaintiff's testimony (see Tr. 13). The written decision includes the following:

> The claimant enjoys riding his bicycle and is independent in carrying out activities of living such as preparing his own meals, going to the store, keeping his camp site clean, and spending time reading for enjoyment. He is able to seek out support services in the community such as obtaining food stamps and enjoys having organic food. His activities of daily living are not consistent with disabling limitations.

(id.).

Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to h[is] overall disability." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007 (*quoting* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination:" (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." Orn, supra, 495 F.3d at 639 (*citing* Fair, supra, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 12

relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. Orn, supra, 495 F.3d at 639 (*quoting* Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)).

As the ALJ here did not "make 'specific findings relating to the daily activities' and their transferability," to a work setting, in order for the ALJ's reliance on plaintiff's activities of daily living to support his adverse credibility determination to be proper, the ALJ was required to find that plaintiff's daily activities "contradict the claimant's other testimony." See Orn, supra, 495 F.3d at 639; see also Burch, supra, 400 F.3d at 681; Fair, supra, 885 F.2d at 603. The ALJ's finding here that plaintiff's activities such as riding his bicycle, going to the store, preparing food, reading, and keeping a camp site clean "are not consistent with disabling limitations" (Tr. 13) is not equivalent to a finding that plaintiff's activities contradict his other testimony. See Orn, supra, 495 F.3d at 639; see also Burch, supra, 400 F.3d at 681; Fair, supra, 885 F.2d at 603. Although plaintiff's activities of daily living provide some support for the ALJ's ultimate conclusion regarding disability, they do not provide substantial support for the ultimate conclusion, and they provide little support for the ALJ's adverse credibility determination. See Orn, supra, 495 F.3d at 639; see also Burch, supra, 400 F.3d at 681; Fair, supra, 885 F.2d at 603.

The only remaining reason provided by the ALJ for his failure to credit fully plaintiff's testimony was that plaintiff alleged that his impairments adversely impacted his ability to work "to a considerably more restricted degree than what is established by the medical evidence" (Tr. 13). However, once a claimant produces medical evidence of

an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." See Bunnell, supra, 947 F.2d at 343, 346-47; see also Cotton, supra, 799 F.2d at 1407. Although other reasons were provided by the ALJ here, these other reasons provide little support for the ALJ's credibility determination, as discussed already, see supra, section 1.

In addition, the Court notes that the ALJ characterized plaintiff's testimony as "allegations of disabling pain," although plaintiff testified that he has pain that limits him during certain circumstances (see Tr. 13). The ALJ also cited plaintiff's testimony that he could walk two miles, lift 35 to 40 pounds and ride a bicycle (see Tr. 14). The ALJ found this testimony consistent with his determination regarding plaintiff's residual functional capacity ("RFC"). The Court concludes that the ALJ's finding that plaintiff's testimony was consistent with the ALJ's RFC determination is not supported by substantial evidence in the record as a whole, as discussed further below.

The Court notes that a determination regarding "residual functional capacity 'is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.'" Brown v. Astrue, 405 Fed. Appx. 230, 233, 2010 U.S. App. LEXIS 26760 at **6 (9th Cir. 2010) (per curiam) (unpublished opinion) (*quoting* SSR 96-8p, 1996 SSR LEXIS 5 at *3-*4) (*citing* 20 C.F.R. § 416.945; Reddick, supra, 157 F.3d at 724). It does not appear from a review of the relevant record that plaintiff indicated that he was capable of his activities or capable

of lifting "in a work setting on a regular and continuing basis" (see Tr. 232-233). See also Brown, supra, 405 Fed. Appx. at 233.

Plaintiff indicated that although he had worked since December, 2008, he had not worked full time (see Tr. 230, 237). He indicated that he was not capable of working an eight-hour day because of his back pain (see Tr. 237). Plaintiff testified that if he was more active physically, his back would act up sooner (see Tr. 239). He testified further that when he worked a full day, he would take the next day off because he physically was not capable of making it through a second day in a row of work (see Tr. 240). The Court finds that the ALJ's reliance on the general "objective medical evidence," without more, does not provide sufficient support for his adverse credibility determination.

Based on the relevant record and for the reasons stated, the Court concludes that the ALJ failed to evaluate properly plaintiff's testimony and that the ALJ did not provide clear and convincing reasons in support of his adverse credibility findings. See Orn, supra, 495 F.3d at 639; see also Burch, supra, 400 F.3d at 681; Fair, supra, 885 F.2d at 603; SSR 96-7 1996 SSR LEXIS 4, at *22. Therefore, this matter should be reversed and remanded to the Commissioner for further consideration.

2. The ALJ erred by failing to develop the record fully and fairly.

The ALJ "has an independent 'duty to fully and fairly develop the record.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ's "duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam) (*citing* Driggins v. Harris, 657 F.2d 187, 188 (8th Cir. 1981)).  However, the

ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, supra, 242 F.3d at 1150.

Defendant argues that the duty to develop the record did not arise as the record is not ambiguous. However, although the medical evidence in the record is not conclusive, it does not appear to be a matter of conflicting evidence as much as an ambiguous record that is inadequate to allow for proper evaluation of the evidence. See Mayes, supra, 276 F.3d at 459-60; Tonapetyan, supra, 242 F.3d at 1150; see also Sample, supra, 694 F.2d at 642.

Here, the ALJ found that "all available medical evidence suggests that the claimant's back condition is resolving" (Tr. 13). However, the only doctor in the available record to have examined plaintiff indicated that the "findings are suggestive of degenerative joint disease with possibility of disc disease which seems to be gradually resolving" (Tr. 201). Dr. Komer did not opine that plaintiff's impairment was resolving, but that it appeared that it was resolving gradually (see id.). The Court also notes that plaintiff's testimony, which was not considered properly by the ALJ, contradicts the inference by the ALJ that plaintiff's back condition was resolving, see supra, section 1. Based on a review of the relevant record and for the reasons discussed, the Court finds that the record here is ambiguous as to whether or not plaintiff's back condition was resolving (see Tr. 13, 201; see also Tr. 230-34, 238-40). See Mayes, supra, 276 F.3d at 459-60; Tonapetyan, supra, 242 F.3d at 1150.

Therefore, the issue of the degree to which plaintiff's low back pain has resolved, if it has resolved at all, should be considered anew following remand of this matter. The Court notes that plaintiff has attached to his Opening Brief new evidence (see ECF No. 22, pp. 15-16; Appendix 1). This evidence should be reviewed following remand of this matter.

3. <u>Plaintiff's residual functional capacity ("RFC") and the five steps of the sequential disability evaluation process should be evaluated anew following remand of this matter</u>.

Because of the errors in the ALJ's review of plaintiff's credibility and testimony and his failure in his duty to develop the record, all of the five steps of the sequential disability evaluation process should be evaluated anew following remand of this matter, including the determination of plaintiff's residual functional capacity. Plaintiff should be afforded a new hearing and be allowed to present new arguments following remand. In addition, the Commissioner should review the new evidence following remand of this matter.

<u>CONCLUSION</u>

The ALJ failed to credit fully plaintiff's testimony in part due to plaintiff's lack of prescription medication and due to plaintiff's lack of extensive medical treatment without evaluating the reasons provided by plaintiff for those circumstances. The ALJ also relied on plaintiff's activities of daily living to support his failure to credit fully plaintiff's credibility without finding that they were transferable to a work setting and without demonstrating that they contradicted plaintiff's other testimony.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 11, 2012, as noted in the caption.

Dated this 19th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge